UNITED STATES DISTRICT COURT
- DISTRICT OF MASSACHUSETTS

# 04 10687 RGS

ROBERT ROGERS YOCUM,                      )
                                          )
    Plaintiff,                       ) MAGISTRATE JUDGE_____
                                          )
v.                                        )        No.
                                          )
DSM, N.V., DSM FOOD SPECIALTIES           )
USA, INC., LAND O'LAKES, INC., and        )
MELROSE DAIRY PROTEINS LLC,               )
                                          )
    Defendants.                      )
                                          )

RECEIPT #_____
AMOUNT $_____
SUMMONS ISSUED_____
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK._____
DATE_____

## COMPLAINT AND JURY DEMAND

### INTRODUCTION

1.    This case arises from the knowing and intentional infringement of the plaintiff's patent rights by DSM, N.V., a manufacturer of the enzyme rennin (also known as chymosin), DSM Food Specialties, USA, Inc., a distributor of chymosin, Land O'Lakes, Inc. one of the largest branded dairy operators in the United States, and Melrose Dairy Proteins LLC, a manufacturer of cheese.

### PARTIES

2.    Robert Rogers Yocum is an individual residing in the Commonwealth of Massachusetts.

3.    DSM, N.V. is a Netherlands company. One of its divisions, DSM Food Specialties is in the business of manufacturing various enzyme products. DSM Food Specialties USA, Inc. is a Delaware corporation having a principal place of business at

{00007129.1}

Eagleville, Pennsylvania, and is a distributor of chymosin in the United States. DSM

N.V. and DSM Food Specialties USA, Inc. will be collectively referred to as "DSM" in

this Complaint.

4.      Land O'Lakes, Inc. ("Land O'Lakes") is a is a national food and

agricultural cooperative headquartered in Arden Hills, Minnesota, a suburb of St. Paul

and Minneapolis.

5.      Melrose Dairy Proteins LLC, ("Melrose") is a Minnesota limited liability

company located in Melrose, Minnesota. Melrose produces bulk cheese which is shipped

to other plants for further processing and packaging. The Melrose plant purchases over 1

billion pounds of milk per year.

## JURISDICTION AND VENUE

6.      This is an action for patent infringement arising under the Patent Act of

the United States, 35 U.S.C. §§ 271 and 281. This Court has subject matter jurisdiction

over the matters complained of under 28 U.S.C. §§ 1338(a) and 1331.

7.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(d), 1400(b).

## BACKGROUND FACTS

8.      Mr. Yocum is the patent holder of United States Patent 6,214,577 (the

'577 Patent).

9.      Rennin, known also as chymosin, is a proteolytic enzyme synthesized by

chief cells in the stomach. Its role in digestion is to curdle or coagulate milk in the

{00007129.1}

stomach, a process of considerable importance in the very young animal.  If milk were not coagulated, it would rapidly flow through the stomach and miss the opportunity for initial digestion of its proteins.

10.     Historically, rennin has been produced commercially from the fourth stomach of calves as a byproduct of the veal industry.  Rennin produced in this fashion is variable in quality and depends on the consumption of veal.  As that consumption has dropped in the last few years, the supply of natural rennin has diminished.

11.     An alternate way to produce rennin is by means of modified yeast.  DSM now sells such a rennin product under the trademark "Maxiren."

12.     To make its product, DSM uses modified yeast of the genus Kluyveromyces that was developed by a former Dutch company named Gist-Brocades.

13.     DSM bought Gist-Brocades in 1998.

14.     The techniques that Gist-Brocades used to modify its yeast are disclosed in its petition to the Food and Drug Administration ("FDA") for classification as Generally Recognized as Safe ("GRAS").

15.     According to the GRAS petition, the materials and methods infringe on the '577 patent.


**COUNT I**
Patent Infringement

16.     The foregoing paragraphs are reincorporated by reference.

{00007129.1}

17.     Mr. Yocum has been and continues to be, the owner of all right, title and interest in and to the '577 patent. A copy of the '577 patent is attached as Exhibit A, and incorporated herein by reference.

18.     Defendants are infringing the '577 patent, in this judicial district and elsewhere, in connection with their activities pertaining to the importing, offering for sale, purchase, and use of rennin which embodies the inventions disclosed and claimed in the '577 patent.

19.     Unless enjoined by the Court, defendants will continue to infringe Mr. Yocum's '577 patent.

20.     As a direct and proximate result of defendants' conduct, Mr. Yocum has suffered and will continue to suffer irreparable injury, for which it has no adequate remedy at law . Mr. Yocum has also been damaged, and, until an injunction issues, will continue to be damaged in his business and reputation in an amount yet to be determined. Moreover, the willful and deliberate nature of defendants' infringement renders this an exceptional case, and thus Mr. Yocum is further entitled to treble damages, as well as its actual attorneys' fees and litigation costs.

## REQUESTED RELIEF

WHEREFORE, Mr. Yocum requests judgment against defendants as follows:

1.     For a judicial determination and declaration that the '577 patent is valid and enforceable;

{00007129.1}

2.     For a judicial determination and declaration that the '577 patent is infringed by the purchase and sale of rennin manufactured in a way that infringes on the '577 patent;

3.     For a judicial determination and declaration that defendants' infringement of the '577 patent is willful;

4.     For an order preliminary and permanently enjoining defendants, their officers, directors, shareholders, agents, servants, employees and attorneys, and all entities and individuals acting in concert with them or on their behalf, from infringing the '577 patent;

5.     For damages according to proof, trebled;

6.     For Mr. Yocum's attorneys' fees and litigation costs; and

7.     For such other and further relief as the Court may deem just and proper.

### JURY DEMAND

Plaintiff demands a jury on all matters triable to a jury.

Respectfully submitted,

ROBERT ROGERS YOCUM

By his attorney,

Evan Slavitt (466510)
Bodoff & Slavitt LLP
225 Friend Street
Boston, MA  02114
(617)742-7300

Dated: April 2, 2004

{00007129.1}