UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT ROGERS YOCUM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DSM, N.V., DSM FOOD SPECIALTIES, | ) |
| USA, INC., LAND O'LAKES, INC., | ) |
| AND MELROSE DAIRY PROTEINS, INC. | ) |
| | ) |
| Defendant | ) |

Civil Case No. 04 CV 10687 RGS

## DEFENDANT DSM FOOD SPECIALTIES USA, INC'S UNOPPOSED MOTION TO WITHDRAW ITS MOTION TO DISMISS OR TRANSFER

NOW COMES Defendant DSM Food Specialties USA, Inc. ("DSM USA") and respectfully requests that this Court allow DSM USA to withdraw its Motion to Dismiss or Transfer, filed on June 7, 2004, and enter the attached Answer to Plaintiff Robert Rogers Yocum's ("Mr. Yocum") Complaint. In support of its Motion, DSM USA states the following:

1.    On April 26, 2004, Mr. Yocum served DSM USA with the Complaint for patent infringement in this case, which had been filed on April 2, 2004.

2.    On June 7, 2004, DSM USA moved to dismiss the case in favor of a previously-filed declaratory judgment action for non-infringement and invalidity pending in the United States District Court for the District of Minnesota, or in the alternative to transfer the current action to Minnesota in the interests of the convenience of the parties.

3.    Mr. Yocum, DSM USA and the remaining named defendants in this case have reached an agreement whereby Mr. Yocum will agree to dismiss his claims

against DSM USA's alleged customers. Specifically, in the pending case, Mr. Yocum will dismiss his claims against Land O'Lakes Inc. and Melrose Dairy Proteins LLC, and DSM USA, in turn, will dismiss the Minnesota action and withdraw its currently pending Motion to Dismiss or Transfer. In addition, the parties have agreed to dismiss DSM N.V., DSM USA's ultimate parent, a holding company with no operational capacity. DSM USA agrees not to assert that Land O'Lakes, Inc. or Melrose Dairy Proteins LLC are necessary parties after entry of the dismissal.

4.     The parties have also moved the Court to substitute DSM Food Specialties, B.V., as defendant in place of DSM N.V. DSM N.V.'s answer to the complaint is currently due, under an agreement between the parties, on June 30, 2004. The parties have agreed that DSM Food Specialties, B.V. may file its answer within 20 days of entry of the substitution order.

5.     DSM USA has prepared an Answer to the Complaint, attached as Ex. A, in substitution for its Motion to Dismiss or Transfer.

6.     Mr. Yocum and the remaining named defendants, Land O'Lakes, Inc., Melrose Dairy Proteins, LLC and DSM, N.V. have consented to DSM USA's withdrawal of its Motion and entry of its Answer.

WHEREFORE, DSM USA respectfully requests that this Court grant the attached order withdrawing DSM USA's Motion to Dismiss or Transfer and entering DSM USA's Answer and Counterclaims.

Respectfully submitted,

Dated:  June __, 2004

_____
Timothy C. Blank (BBO No. 548670)
**DECHERT LLP**
200 Clarendon Street
27th Floor
Boston, MA 02116-5021
Phone:  (617) 728-7100
Fax:  (617) 426-6567

OF COUNSEL:
John J. McDonnell
James C. Gumina
S. Richard Carden
Paul S. Tully
**McDONNELL BOEHNEN HULBERT
  & BERGHOFF LLP**
300 S. Wacker Drive
Chicago, IL  60606
Phone: (312) 913-0001
Fax:    (312) 913-0002

**ATTORNEYS FOR DEFENDANT
DSM FOOD SPECIALTIES USA, INC.**

_____
Evan Slavitt
**BODOFF & SLAVITT LLP**
225 Friend Street
Boston, MA  02114-1812
Phone: (647) 742-7300
Fax:    (674) 742-9969

**ATTORNEYS FOR PLAINTIFF
ROBERT ROGERS YOCUM**

## CERTIFICATE OF SERVICE

HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS
SERVED UPON THE ATTORNEYS OF RECORD FOR EACH OTHER PARTY
BY MAIL (BY HAND) ON ___June 30, 2004___

_____

3

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **ROBERT ROGERS YOCUM,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 04 CV 10687 RGS** |
| ) | |
| **DSM, N.V., DSM FOOD SPECIALTIES,** ) | |
| **USA, INC., LAND O'LAKES, INC.,** ) | |
| **AND MELROSE DAIRY PROTEINS, INC.** ) | |
| ) | |
| **Defendant** ) | |

## <u>ORDER</u>

IT IS HEREBY ORDERED that Defendant DSM Food Specialties USA, Inc's ("DSM USA") Motion to Withdraw its Motion to Dismiss or Transfer is GRANTED IN ITS ENTIRETY. The Clerk is instructed to withdraw DSM USA's Motion to Dismiss or Transfer, and enter DSM USA's answer, effective immediately.

SO ORDERED this ____ day of ____, 2004.


_____
Richard G. Stearns
United States District Court Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT ROGERS YOCUM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No. 04 CV 10687 RGS |
| ) | |
| DSM, N.V., DSM FOOD SPECIALTIES, ) | |
| USA, INC., LAND O'LAKES, INC., ) | |
| AND MELROSE DAIRY PROTEINS, INC. ) | |
| ) | |
| Defendant ) | |

## ANSWER AND COUNTERCLAIMS

Defendant, DSM Food Specialties USA, Inc. ("DSM USA"), responds to the Complaint

of Plaintiff Robert Rogers Yocum as follows:

## INTRODUCTION

1.      This case arises from the knowing and intentional infringement of the plaintiff's patent rights by DSM, N.V., a manufacturer of the enzyme rennin (also known as chymosin), DSM Food Specialties, USA, Inc., a distributor of chymosin, Land O'Lakes, Inc. one of the largest branded dairy operators in the United States, and Melrose Dairy Proteins LLC, a manufacturer of cheese.

**Answer to Paragraph 1 of the Complaint:**

DSM USA admits that it distributes in the United States a product containing chymosin

under the trade name Maxiren®. DSM USA denies that DSM, N.V. is a manufacturer of rennin.

On information and belief, DSM, N.V., is a holding company with no operational capacity.

DSM USA denies each and every remaining allegation contained in paragraph 1 of the

Complaint, and specifically denies that Plaintiff has any claim against DSM USA for patent

infringement.

1

## PARTIES

2.    Robert Rogers Yocum is an individual residing in the Commonwealth of Massachusetts.

**Answer to Paragraph 2 of the Complaint:**

DSM USA is without sufficient information to admit or deny the allegations of paragraph

2 of the Complaint.

3.    DSM, N.V. is a Netherlands company.    One of its divisions, DSM Food Specialties is in the business of manufacturing various enzyme products.  DSM Food Specialties, USA, Inc. is a Delaware corporation having a principal place of business at Eagleville, Pennsylvania, and is a distributor of chymosin in the United States.  DSM N.V. and DSM Food Specialties USA, Inc. will be collectively referred to as DSM in this Complaint.

**Answer to Paragraph 3 of the Complaint:**

DSM USA admits that DSM, N.V. is a Netherlands company.  DSM USA further admits

that DSM USA is a Delaware corporation having a principal place of business at Eagleville,

Pennsylvania.  DSM USA further admits that it distributes in the United States a product

containing chymosin under the trade name Maxiren®.  DSM USA further admits that Plaintiff

ahs collectively referred to DSM, N.V. and DSM USA as DSM in this Complaint.  In that DSM

USA does not understand the term "various enzyme products," and such term is undefined

herein, DSM USA denies that it manfactures various enzyme products.  DSM USA denies each

and every remaining allegation contained in paragraph 3 of the Complaint.

4.    Land O'Lakes, Inc. ("Land O'Lakes") is a is a [sic] national food and agricultural cooperative headquartered in Arden Hills, Minnesota, a suburb of St. Paul and Minneapolis.

**Answer to Paragraph 4 of the Complaint:**

DSM USA is without sufficient information to admit or deny the allegations of paragraph

2

4 of the Complaint.

5.    Melrose Dairy Proteins LLC, ("Melrose") is a Minnesota limited liability company located in Melrose, Minnesota. Melrose produces bulk cheese which is shipped to other plants for further processing and packaging. The Melrose plant purchases over 1 billion pounds of milk per year.

**Answer to Paragraph 5 of the Complaint:**

DSM USA is without sufficient information to admit or deny the allegations of paragraph

5 of the Complaint.

## JURISDICTION AND VENUE

6.    This is an action for patent infringement arising under the Patent Act of the United States, 35 U.S.C. §§ 271 and 281. This Court has subject matter jurisdiction over the matters complained of under 28 U.S.C. §§ 1338(a) and 1331.

**Answer to Paragraph 6 of the Complaint:**

DSM USA admits that Plaintiff alleges claims based on the patent laws of the United

States. DSM USA further admits that this Court has subject matter jurisdiction over claims

arising under the patent laws of the United States. DSM USA denies each and every remaining

allegation contained in paragraph 6 of the Complaint, and specifically denies that Plaintiff has

any claim against DSM USA for patent infringement.

7.    Venue is proper in this Court pursuant to 28 §§ 1391(d), 1400(b).

**Answer to Paragraph 2 of the Complaint:**

DSM USA denies that venue is proper with respect to DSM USA under 28 § 1391(d).

DSM USA, however, has voluntarily submitted itself to the jurisdiction of this Court has agreed

to appear in this Court for the purposes of this action, although it contends that venue more

3

properly lies in Minnesota.

## BACKGROUND FACTS

8.     Mr. Yocum is the patent holder of United States Patent 6,214,577 ("the '577 patent").

**Answer to Paragraph 8 of the Complaint:**

DSM USA admits that the '577 patent names Mr. Yocum as the sole inventor.  DSM

USA is without sufficient information to admit or deny the remaining allegations of paragraph 8

of the Complaint.

9.     Rennin, known also as chymosin, is a proteolytic enzyme synthesized by chief cells in the stomach.  Its role in digestion is to curdle or coagulate milk in the stomach, a process of considerable importance in the very young animal.  If milk were not coagulated, it would rapidly flow through the stomach and miss the opportunity for initial digestion of its proteins.

**Answer to Paragraph 9 of the Complaint:**

DSM     USA     admits     that     a     website     at     Colorado     State     University,

http://arbl.cvmbs.colostate.edu/hbooks/pathphys/digestion/stomach/rennin.html,     contains     the

allegations of paragraph 9 of the Complaint verbatim.

10.     Historically, rennin has been produced commercially from the fourth stomach of calves as a byproduct of the veal industry.  Rennin produced in this fashion is variable in quality and depends on the consumption of veal.  As that consumption has dropped in the last few years, the supply of natural rennin has diminished.

**Answer to Paragraph 10 of the Complaint:**

DSM USA admits that one method of producing rennin is from the fourth stomach of

calves.  DSM USA further admits that rennin may be produced as a byproduct in the veal

industry.  DSM is without sufficient information to admit or deny the remaining allegations of

4

paragraph 10 of the Complaint as phrased.

11.    An alternate way to produce rennin is by means of modified yeast. DSM now sells a rennin product under the trademark "Maxiren."

**Answer to Paragraph 11 of the Complaint:**

DSM USA denies that DSM as defined herein sells a rennin product under the trademark "Maxiren." DSM USA admits that it distributes in the United States a product containing chymosin under the trade name Maxiren®. DSM USA notes that use of the term "yeast" in paragraph 11 of the Complaint is vague. The term "yeast" is often generically used to indicate only *Saccharomyces cerevisiae*, or baker's yeast. To the extent that "modified yeast" is meant to encompass genetically-engineered yeast of any strain, DSM denies the allegations contained in this paragraph. DSM denies each and every other allegation contained in paragraph 11 of the Complaint.

12.    To make its product, DSM uses modified yeast of the genus Kluyveromyces that was developed by a former Dutch company named Gist-Brocades.

**Answer to Paragraph 12 of the Complaint:**

DSM USA denies that DSM as defined herein makes a product, and therefore denies paragraph 12 of the Complaint in its entirety.

13.    DSM bought Gist-Brocades in 1998.

**Answer to Paragraph 13 of the Complaint:**

DSM USA admits that DSM N.V. acquired 100% of Koninklijke Gist-Brocades N.V. ("Gist-Brocades") in 1998. DSM USA denies each and every remaining allegation of paragraph

5

13 of the Complaint.

14.    The techniques that Gist-Brocades used to modify its yeast are disclosed in its petition to the Food and Drug Administration ("FDA") for classification as Generally Recognized as Safe ("GRAS").

**Answer to Paragraph 14 of the Complaint:**

DSM USA admits that Gist-Brocades submitted a petition to the Food and Drug Administration in seeking Generally Recognized as Safe status ("GRAS petition") for a chymosin enzyme preparation for use as a milk coagulant in the production of cheese and other milk-based products prepared using a genetically-engineered *Kluyveromyces lactis* yeast. DSM USA admits that the GRAS petition describes a process for manufacturing the chymosin enzyme preparation. DSM USA denies each and every remaining allegation of paragraph 14 of the Complaint.

15.    According to the GRAS petition, the materials and methods infringe on the '577 patent.

**Answer to Paragraph 15 of the Complaint:**

DSM USA denies each and every allegation contained in paragraph 15 of the Complaint, and specifically denies that Gist-Brocades' GRAS petition stated that the materials and methods disclosed therein infringed the '577 patent. DSM USA further denies that Plaintiff has any claim for patent infringement against DSM USA based on the GRAS petition.

**COUNT 1**
Patent Infringement

16.    The foregoing paragraphs are reincorporated by reference.

6

**Answer to Paragraph 16 of the Complaint:**

DSM USA incorporates herein by reference its responses to paragraphs 1-15 of the Complaint.

17.    Mr. Yocum has been and continues to be, the owner of all right, title and interest in and to the '577 patent. A copy of the '577 patent is attached as Exhibit A, and incorporated herein by reference.

**Answer to Paragraph 17 of the Complaint:**

DSM USA admits that a copy of the '577 patent was attached to the Complaint as Exhibit A. DSM USA is without sufficient information to admit or deny the remaining allegations of paragraph 17 of the Complaint.

18.    Defendants are infringing the '577 patent, in this judicial district and elsewhere, in connection with their activities pertaining to the importing, offering for sale, purchase, and use or rennin which embodies the inventions disclosed and claimed in the '577 patent.

**Answer to Paragraph 18 of the Complaint:**

DSM USA denies each and every allegation contained in paragraph 18 of the Complaint. DSM USA specifically denies that the '577 patent discloses or claims any inventions that cover rennin. DSM USA further specifically denies that Maxiren® embodies any of the inventions allegedly disclosed or claimed in the '577 patent. DSM USA further specifically denies that Plaintiff has any claim against it for patent infringement.

19.    Unless enjoined by the Court, defendants will continue to infringe Mr. Yocum's '577 patent.

**Answer to Paragraph 19 of the Complaint:**

DSM USA denies each and every allegation contained in paragraph 19 of the Complaint.

7

20.    As a direct and proximate result of defendant's conduct, Mr. Yocum has suffered and will continue to suffer irreparable injury, for which it has no adequate remedy at law. Mr. Yocum has also been damaged, and, until an injunction issues, will continue to be damaged in his business and reputation in an amount yet to be determined. Moreover, the willful and deliberate nature of defendants' infringement renders this an exceptional case, and thus Mr. Yocum is further entitled to treble damages, as well as its actual attorneys' fees and litigation costs.

**Answer to Paragraph 20 of the Complaint:**

20.    DSM USA denies each and every allegation contained in paragraph 20 of the

Complaint.

8

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
Patent Invalidity

21.   DSM USA incorporates herein by reference its responses to paragraphs 1-20 of its

Answer.

22.   The claims of the '577 patent are invalid for failing to meet the requirements of

one or more of the provisions of 35 U.S.C. §§ 102, 103 and/or 112.

### SECOND AFFIRMATIVE DEFENSE
Non-Infringement

23.   DSM USA incorporates herein by reference its responses to paragraphs 1-22 of its

Answer.

24.   DSM USA does not infringe any valid claim of the '577 patent.

9

## COUNTERCLAIMS FOR DECLARATORY RELIEF

Defendant and counterclaimant, DSM USA asserts this counterclaim against Plaintiff and counterdefendant, Robert Rogers Yocum and avers as follows:

### I. NATURE OF THE ACTION

1.    This action arises under the patent laws of the United States, 35 U.S.C. §§ 1 et seq. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1338(a) and Fed. R. Civ. P. 13(a). Counterclaimant DSM USA seeks declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 and 2202, to obtain a judicial declaration of non-infringement and/or patent invalidity with respect to United States Patent No. 6,214,577 ("the '577 patent").

### II. THE PARTIES

2.    DSM is a Delaware corporation having a principal place of business at 2675 Eisenhower Avenue, Eagleville, Pennsylvania 19403.

3.    Upon information and belief, Robert Rogers Yocum is an individual having a residence at Four Orchard Lane, Lexington, Massachusetts 02420.

### III. JURISDICTION AND VENUE

4.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

5.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b).

## IV. THE PATENT

7.      Upon information and belief, the '577 patent was issued on April 10, 2001 to Robert Rogers Yocum and assigned to Mr. Yocum.

## V. ACTS GIVING RISE TO THE ACTION

8.      DSM USA is a distributor of a product, chymosin, which it markets under the trade name Maxiren®.

9.      Chymosin is a protein used in the cheesemaking process. Maxiren® is produced in facilities outside the United States, using *Kluyveromyces lactis* to produce an inactive protein having no chymosin activity. This protein is then later converted to chymosin by chemical treatment. DSM USA sells Maxiren® to companies in the United States for use in the cheesemaking industry.

10.     DSM USA does not manufacture Maxiren®.

11.     Maxiren® is not manufactured in the United States.

12.     Mr. Yocum and DSM USA's parent company, DSM Food Specialties, B.V. ("DSM B.V."), were involved in unsuccessful negotiations regarding Mr. Yocum's desire to license the '577 patent to DSM B.V., since at least April 2001.

13.     Land O'Lakes, Inc. ("Land O'Lakes") is a company with a place of business in St. Paul, Minnesota.

14.     On March 16, 2004, attorneys allegedly representing Mr. Yocum sent a letter to Land O'Lakes alleging infringement of the '577 patent by its "importing into the United States and using artificial rennin (chymosin) under the trade name Maxiren from DSM N.V." (attached as Exhibit 2) . The letter explicitly threatened to sue DSM N.V. (the ultimate parent of DSM

11

USA), Land O'Lakes and Melrose Dairy Proteins LLC for infringement of the '577 patent and attached a draft complaint to that effect naming DSM N.V., Land O'Lakes and Melrose Dairy Proteins LLC as defendants.

15.    Upon information and belief, Mr. Yocum does not manufacture any product under the '577 patent.

16.    An actual case or controversy therefore exists between DSM USA and Mr. Yocum concerning the infringement and validity of the '577 patent.

## VI. FIRST COUNTERCLAIM
Declaratory Judgment of Non-Infringement

17.    DSM USA realleges and incorporates by reference Paragraphs 1-16 of its counterclaims as if fully set forth herein.

18.    DSM USA does not manufacture Maxiren®. DSM USA's Maxiren® product is made outside the United States.

19.    The product claims of the '577 patent, claims 1-6, 8 and 10-12, do not cover Maxiren®.

20.    Maxiren® is not a product which is made by a process claimed in the two process claims of the '577 patent, claims 7 and 9.

21.    The '577 patent does not literally or by equivalents cover Maxiren®.

22.    DSM USA has not infringed any valid claim of the '577 patent, either directly contributorily or by inducement, by selling or offering to sell Maxiren® in the United States.

23.    An actual controversy exists between DSM USA and Mr. Yocum as to the infringement of the '577 patent.

24.    By purchasing Maxiren®, DSM's customers do not use any process claimed in the

12

'577 patent. To the extent that Mr. Yocum contends that Maxiren® infringes the '577 patent, 35 U.S.C. § 271(g) provides for remedies through DSM USA rather than its customers.

25.   DSM USA is entitled to declaratory judgment of non-infringement of the '577 patent claims.

## VII. SECOND COUNTERCLAIM
Declaratory Judgment of Invalidity

26.   DSM USA realleges and incorporates by reference Paragraphs 1-25 of its Counterclaims as if fully set forth herein.

27.   One or more claims of the '577 patent is invalid for failure to comply with one or more of the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

28.   An actual controversy exists between DSM USA and Mr. Yocum as to the invalidity of the '577 patent.

29.   DSM USA is entitled to declaratory judgment of invalidity of the '577 patent.

## VIII.  REQUEST FOR RELIEF

WHEREFORE, defendant-counterclaimant DSM USA prays for judgment and relief against plaintiff-counterdefendant Mr. Yocum, including:

a.     a declaration that DSM USA has not infringed the '577 patent by its sale or offer for sale in the United States of Maxiren®;

b.     a declaration that the '577 patent is invalid;

c.     an award of attorney's fees and costs of suit; and

d.     the award of such other relief as the Court may deem proper.

13

Respectfully submitted,

Dated: June ___, 2004

_____
Timothy C. Blank (BBO No. 548670)
**DECHERT LLP**
200 Clarendon Street
27th Floor
Boston, MA 02116-5021
Phone: (617) 728-7100
Fax: (617) 426-6567

OF COUNSEL:
John J. McDonnell
James C. Gumina
S. Richard Carden
Paul S. Tully
**McDONNELL BOEHNEN HULBERT
  & BERGHOFF LLP**
300 S. Wacker Drive
Chicago, IL 60606
Phone: (312) 913-0001
Fax:    (312) 913-0002

**ATTORNEYS FOR DEFENDANT
DSM FOOD SPECIALTIES USA, INC.**

14